IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**ROBERT L. MIKLAS,**

      **Petitioner,**

   v.                               Case No. 2:14-cv-0281
                                       Judge Frost
                                       Magistrate Judge King

**WARDEN, ROSS**
**CORRECTIONAL INSTITUTION**

      **Respondent.**

## REPORT AND RECOMMENDATION

Petitioner, a state prisoner, brings this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. This matter is before the Court on the *Petition*, ECF 3, Respondent's *Return of Writ,* ECF 9, Petitioner's *Traverse,* ECF 10, and the exhibits of the parties. For the reasons that follow, the Magistrate Judge **RECOMMENDS** that this action be **DISMISSED.**

**Facts and Procedural History**

This case involves Petitioner's convictions after a jury trial in the Belmont County Court of Common Pleas on two counts of rape of a child under the age of ten. On December 27, 2010, the trial court imposed two concurrent terms of 15 years to life in prison and classified Petitioner as a Tier III sex offender. *See State v. Miklas*, No. 11 BE 1, 2012 WL 2108674, at *1-15 (Ohio App. 7th Dist. June 6, 2012). Petitioner filed a timely appeal from that judgment, alleging that police had illegally obtained his statements by use of coercive tactics and that his convictions were against the manifest weight of the evidence. On June 6, 2012, the appellate court affirmed the judgment of the trial court. *Id.* Petitioner did not file an appeal from that decision to the Ohio Supreme Court.

On August 12, 2013, Petitioner, proceeding *pro se*, filed an application for delayed reopening of his appeal pursuant to App. R. 26(B). The appellate court denied the application as untimely:

> App.R. 26(B) allows a criminal defendant to challenge the constitutional effectiveness of appellate counsel. However, the rule provides that an application for reopening must be filed "within ninety days from journalization of the appellate judgment unless the applicant shows good cause for filing at a later time." Miklas has failed to meet this deadline. Our opinion in his direct appeal was journalized on June 6, 2012. Miklas filed his application for reopening on August 12, 2013, almost a year after the deadline expired. Thus, we can only review the merits of Miklas' application if he can establish good cause for his untimely filing.
>
> Miklas contends that he failed to file the application sooner because all inquiries to appellate counsel went unanswered and "for whatever reasons unknown" to him, he did not receive a copy of the opinion until June 4, 2013.
>
> The failure of appellate counsel to communicate with his client does not constitute good cause. *State v. Morgan*, 8th Dist. No. 55341, 2007–Ohio–5532, ¶ 7. Further, the fact that Miklas was incarcerated or untrained in the law does not establish good cause. *See State v. Dew*, 7th Dist. No. 08 MA 62, 2012–Ohio–434, ¶ 8; *State v. Ramirez*, 8th Dist. No. 78364, 2005–Ohio–378, ¶ 4.
>
> Because Miklas has failed to establish good cause for the delay in filing, his application for reopening is denied.

*State v. Miklas,* No. 11 BE 1, 2013 WL 6173861 (Ohio App. 7th Dist. Nov. 8, 2013). On February 19, 2014, the Ohio Supreme Court dismissed Petitioner's appeal from that decision. *State v. Miklas*, 138 Ohio St.3d 1417 (Ohio 2014). On June 23, 2014, the United States Supreme Court denied Petitioner's petition for a writ of *certiorari. Miklas v. Ohio*, 134 S.Ct. 2847 (June 23, 2014).

On March 12, 2014, Petitioner filed the *pro se* petition for a writ of habeas corpusin this Court. He alleges that he was denied his right to a speedy trial (claim one), and that the trial

court improperly admitted his statements to police (claim two). Respondent contends that this action is barred by the one-year statute of limitations established by 28 U.S.C. § 2244(d), and that Petitioner has procedurally defaulted his claims.

**Statute of Limitations**

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") imposes a one-year statute of limitations on the filing of habeas corpus petitions:

> (d) (1) A 1–year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a *properly filed* application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(emphasis added).

Petitioner's conviction became final on July 23, 2012,[1] when the time for filing a timely appeal to the Ohio Supreme Court expired. *See* 28 U.S.C. § 2244(d)(1)(A). "For petitioners who do not pursue direct appeals in a state's highest court, judgments become final for purposes of § 2244(d)(1) (A) when the time for seeking discretionary review in the state's highest court expires." *Mackey v. Warden,* 2013 WL 1908890 at * 3 (citing *Gonzalez v. Thaler*, ––– U.S. –––, 132 S.Ct. 641, 653–54 (2012)). The statute of limitations commenced the following day, and expired one year later, on July 24, 2013. Petitioner did not execute this habeas corpus petition until March 12, 2014. Petitioner's August 12, 2013, delayed Rule 26(B) application did not affect the running of the statute of limitations, because he filed that application after the statute of limitations had already expired. *See Vroman v. Brigano*, 346 F.3d 598, 602 (6th Cir. 2003) (The tolling provision of § 2244(d)(2) "does not . . . 'revive' the limitations period ( *i.e.,* restart the clock at zero); it can only serve to pause a clock that has not yet fully run").

Petitioner asks the Court to equitably toll the running of the statute of limitations because his appellate counsel failed to inform him of the denial of his direct appeal by the appellate court, because all his inquiries to appellate counsel went unanswered, and because he did not learn that his direct appeal had been denied until approximately one year later. *See Return of Writ,* ECF 9-1, PageID# 296-97; *Traverse,* ECF 10. Petitioner also contends that Respondent should not be permitted to raise the issue of the statute of limitations because the State of Ohio failed to respond to Petitioner's delayed Rule 26(B) application. *Traverse*, ECF 10, PageID# 597.

A petitioner is entitled to equitable tolling of the statute of limitations only if he shows "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way" and prevented timely filing. *Holland v. Florida*, 560 U.S. 631, 650

---

[1] Petitioner had forty-five days from the appellate court's June 6, 2012, denial of his appeal to timely appeal to the Ohio Supreme Court. However, that day fell on a Saturday and, consequently, Petitioner had until July 23, 2012, *i.e.,* the following Monday, in which to file the notice of appeal to the Ohio Supreme Court.

(2010)(citing *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). "[P]etitioner bears the ... burden of persuading the court that he or she is entitled to equitable tolling." *Griffin v. Rogers*, 308 F.3d 647, 653 (6th Cir. 2002). Moreover, equitable tolling should be only sparingly applied. *Cook v. Stegall*, 295 F.3d 517, 521 (6th Cir. 2002); *Humphreys v. Memphis Brooks Museum of Art, Inc.*, 209 F.3d 552, 560 (6th Cir. 2000) (citations omitted). "Typically, equitable tolling applies only when a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond that litigant's control." *Id.* at 560–61. The Supreme Court has allowed equitable tolling where a claimant actively pursued judicial remedies by filing a timely, but flawed, pleading or where he was induced or tricked by his opponent's misconduct into allowing the filing deadline to pass. *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96 (1990). Where the claimant failed to exercise due diligence in preserving his legal rights, courts are much less forgiving. *Id.; Jurado v. Burt*, 337 F.3d 638, 642–43 (6th Cir. 2003). A prisoner's *pro se* incarcerated status, lack of knowledge regarding the law, and limited access to the prison's law library or to legal materials do not provide a sufficient justification to apply equitable tolling of the statute of limitations. *Hall v. Warden, Lebanon Correctional Inst.,* 662 F.3d 745, 751 (6th Cir.2011) (citation omitted). These conditions are typical of most habeas corpus petitioners and do not constitute an extraordinary circumstance beyond the Petitioner's control. *Lowe v. State,* No. 2:120CV–142, 2013 WL 950940, at *7 (S.D. Ohio March 12, 2013) (citing *Allen v. Yukins*, 366 F.3d 396, 403 (6th Cir. 2004)). Similarly, bad advice from fellow inmate or other non-lawyers does not constitute grounds for equitable tolling of the statute of limitations. *Allison v. Smith*, No. 2:14-cv-10423, 2014 WL 2217238, at *5 (E.D. Mich. May 29, 2014)(citing *Smith v. Beightler*, 49 Fed. Appx. 579, 580-81 (6th Cir. 2002). A "[p]etitioner's reliance on jailhouse lawyers is not an extraordinary circumstance warranting equitable tolling." *Arriaga v. Gonzales*,

No. 13-1372-AG (JPR), 2014 WL 5661023, at 12 (C.D. Cal. Oct. 31, 2014)(citations omitted). "Generally, a habeas petitioner's reliance on unreasonable or incorrect legal advice from his attorney is not a valid ground for equitable tolling of the statute of limitation." *Brown v. Bauman*, No. 2:10–cv–264, 2012 WL 1229397, at *9 (W.D. Mich. April 12, 2012)(citations omitted). "The fact that Petitioner may be ignorant of the law and instead chose to rely on counsel, in itself, does not provide a basis for equitable tolling. Neither a prisoner's *pro se* status nor his lack of knowledge of the law constitute[s] extraordinary circumstances justifying equitable tolling." *Taylor v. Palmer*, No. 2:14-cv-14107, 2014 WL 6669474, at *4 (E.D. Mich. Nov. 11, 2014)(citing *Rodriguez v. Elo*, 195 F. Supp. 2d 934, 936 (E.D. Mich. 2002); *Johnson v. United States*, 544 U.S. 295, 311 (2005)("[W]e have never accepted *pro se* representation alone or procedural ignorance as an excuse for prolonged inattention when a statute's clear policy calls for promptness")). "Attorney miscalculation is simply not sufficient to warrant equitable tolling, particularly in the postconviction context where prisoners have no constitutional right to counsel." *Lawrence v. Florida*, 549 U.S. 327, 336–37 (2007) (citation omitted). A "garden variety" claim of excusable neglect, such as the miscalculation that causes an attorney to miss a filing deadline does not warrant equitable tolling of the statute of limitations, although egregious misconduct by counsel may constitute an extraordinary circumstance warranting equitable tolling. *Holland*, v 130 S.Ct. at 2564 (citations omitted).

However, "'[a] prisoner's lack of knowledge that the state courts have reached a final resolution of [his] case can provide grounds for equitable tolling if the prisoner has acted diligently in the matter.'" *Kimble v. Gansheimer,* No. 4:08CV01048, 2009 WL 4676959, at *8 (N.D. Ohio Dec. 4, 2009)(quoting *Miller v. Collins*, 305 F.3d 491, 496 (6th Cir. 2002) (quoting *Woodward v. Williams*, 263 F.3d 1135, 1143 (10th Cir. 2001); *Phillips v. Donnelly*, 216 F.3d

6

508, 511 (5th Cir. 2000) (*per curiam*)). *But see Ashcraft v. Warden, Lebanon Correctional Inst.*, No. 1:13-CV-195, 2014 WL 25332334, at * (S.D. Ohio June 5, 2014)(distinguishing *Miller v. Collins*, 305 F.3d at 491, where record did not establish that the petitioner had acted diligently in pursuing his rights and did not monitor the status of his appeal); *see also Jackson v. Warden*, No. 1:12-CV-00230, 2013 WL 3221104 (S.D. Ohio June 25, 2013)(same).

     This Court is not persuaded that Petitioner has met his burden of establishing that he was prevented by an extraordinary circumstance from timely filing his habeas corpus petition. Petitioner represents that his attorney did not timely inform Petitioner that his appeal had been denied. However, Petitioner offers no support for this representation; indeed, Petitioner does not even indicate when and how he first received notice of the appellate court's decision. Significantly, the record contains evidence suggesting that Petitioner may have been notified of the denial of his appeal in timely fashion. For example, the docket sheet of the state appellate court indicates that, on June 7, 2012, the clerk of that court notified Petitioner's counsel, by regular mail, that Petitioner's conviction had been affirmed. *Return of Writ*, ECF 9-1, PageID# 357. Shortly thereafter, *i.e.,* on June 11, 2012, Petitioner received legal mail from his appellate counsel. *Id*. at PageID# 368. Petitioner also received other legal mail in the ensuing days and weeks: on August 16, 2012, Petitioner received legal mail from the Ohio Public Defender, *id.* at PageID# 369; on September 14, 2012, he received legal mail from the "Guinn Law Firm," *id.* at PageID# 370; on December 18, 2012, he received more legal mail from the Ohio Public Defender, *id*. at PageID# 371; and on February 12, 2013, Petitioner again received legal mail from his appellate counsel, *id.* at PageID# 372. In his *Traverse*, Petitioner denies that the June 11, 2012 correspondence from his appellate counsel advised him of the results of his direct appeal; Petitioner offers no description of the other correspondence. *Traverse*, ECF 10, PageID#

7

596. Petitioner insists that Respondent should be required to provide more direct evidence that Petitioner was promptly notified that his appeal had been denied. This argument overlooks the fact that it is Petitioner's burden to establish that he is entitled to equitable tolling of the statute of limitations.

Moreover, the record does not demonstrate that Petitioner acted with diligence. He never pursued a motion for a delayed direct appeal to the Ohio Supreme Court. On August 12, 2013, Petitioner filed a delayed Rule 26(B) application in the state appellate court; however, he did not file this federal habeas corpus petition until approximately one month after the Ohio Supreme Court had dismissed his appeal from the denial of that application on February 19, 2014.

Under all these circumstances, the Court finds that the Petitioner has not established that an extraordinary circumstance prevented his timely filing or that he acted diligently in pursuing his rights and remedies. To the contrary, according to Petitioner, he waited approximately nine months after learning that his appeal had been denied before pursuing habeas relief.

Finally, the Court concludes that any failure on the part of the State of Ohio to respond to Petitioner's delayed Rule 26(B) application has no effect on the Court's statute of limitations analysis.

**Recommended Disposition**

**WHEREUPON,** the Magistrate Judge **RECOMMENDS** that this action be **DISMISSED** as untimely.

**Procedure on Objections**

If any party objects to this *Report and Recommendation*, that party may, within fourteen days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting

authority for the objection(s). A judge of this Court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions.  28 U.S.C. 636(B)(1).

The parties are specifically advised that failure to object to the *Report and Recommendation* will result in a waiver of the right to have the district judge review the *Report and Recommendation de novo,* and also operates as a waiver of the right to appeal the decision of the District Court adopting the *Report and Recommendation*. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

The parties are further advised that, if they intend to file an appeal of any adverse decision, they may submit arguments in any objections filed, regarding whether a certificate of appealability should issue.

                                       *s/ Norah McCann King*
                                       Norah McCann King
                                       United States Magistrate Judge

June 19, 2015